UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:22-cr-205-RBD-DCI
  (Forfeiture)

CHRISTOPHER TROY PHERAI-BOGEAJIS

### UNITED STATES' MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

The United States respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) for a Preliminary Order of Forfeiture, which, upon entry, shall be a final order of forfeiture as to the defendant for the following:

1. Glock 45 9mm handgun, serial number AGBU778, seized from the vehicle with PHERAI-BOGEAJIS on May 16, 2022;

2. Silver Ruger LCR revolver, serial number 1540-74049, seized from the vehicle with PHERAI-BOGEAJIS on May 16, 2022; and

3. Approximately 22 rounds of 9mm ammunition and 5 rounds of .357 caliber ammunition, seized from the vehicle with PHERAI-BOGEAJIS on May 16, 2022.[1]

---

[1] The United States will not complete the judicial forfeiture of the $7,787 in U.S. currency seized from PHERAI-BOGEAJIS on May 16, 2022, because the Orange County Sheriff's Office forfeited the funds on May 31, 2023.

1

In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I. Statement of Facts

1. On December 14, 2022, a five count Indictment was returned. Doc. 1. In pertinent part, Count Four charged the defendant with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C § 846. Count Five charged the defendant with possessing firearms in furtherance of the drug conspiracy charged in Count Four, in violation of 18 U.S.C § 924(c)(1)(A)(i), and aiding and abetting the same, in violation of 18 U.S.C. § 2.

2. The Indictment contained forfeiture allegations putting the defendant on notice that the United States sought to forfeit: pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such controlled substance violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such controlled substance violation; and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the 924(c) violation. Specifically, the United States sought the forfeiture of the above-described assets. *Id.* at 5.

   3. On June 28, 2023, the United States and the defendant entered into a plea agreement. Doc. 136. In paragraph eight of his plea agreement, entitled Forfeiture of Assets," the defendant agreed that the firearms and ammunition identified above were possessed in furtherance of the drug trafficking crime charged in Count Four and were involved in the offense charged in Count Five. *Id.* at 6.

   4. On July 13, 2023, the defendant pled guilty to Counts Four and Five of the Indictment. Doc. 150. On July 14, 2023, the Court accepted the plea of guilty and adjudicated the defendant guilty of Counts Four and Five. Doc. 161. The defendant is scheduled to be sentenced on October 3, 2023. *Id.*

**II.** **Applicable Law**

   The Court's authority to order forfeiture of property for violations of 21 U.S.C. § 846 is found upon 21 U.S.C. § 853. Section 853 provides for the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as of result of such violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. In addition, the Court's authority to order forfeiture of property for violation of 18 U.S.C. § 924(c)(1)(A)(i) is founded upon 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Section 924(d) provides for the seizure and forfeiture of any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924. *See* 18 U.S.C. § 924(d). Section 2461(c) authorizes the criminal forfeiture of

3

any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853(a).

Rule 32.2(b)(1) requires that if the United States seeks the forfeiture of specific property, the Court must determine whether the United States has established the requisite nexus between the property and the offense. In so doing, the Court makes both a factual determination regarding the sufficiency of the nexus between the offense and the property sought for forfeiture, and a legal finding as to what property is subject to forfeiture.

The defendant admitted in his Plea Agreement that in 2021, the DEA initiated an investigation into drug trafficking and money laundering activities in the Orlando area and the FBI initiated an investigation into unlawful dealing in firearms in the same area. In the course of that investigation, the DEA and the FBI discovered that PHERAI-BOGEAJIS and others were involved in the distribution of controlled substances, including cocaine and fentanyl, and unlawful dealings in firearms, including fully automatic machine guns. Law enforcement obtained court-ordered authorization to monitor multiple telephones used by members of the conspiracy and conducted surveillance of their activities. Factual Basis at 19-23.

The FBI and DEA intercepted communications on Target Telephone-6 starting in May 4, 2022. Defendant Bengie Emannual Silva-Ramos (Silva-Ramos) regularly communicated on Target Telephone-6 with the PHERAI-BOGEAGIS

about the distribution of controlled substances. *Id*. at 20.   On March 25, 2022, after coordinating with Silva-Ramos, PHERAI-BOGEAJIS distributed 215 pills containing 17.11 grams of a substance containing a detectible about of fentanyl to a law enforcement source. *See id.* On April 1, 2022, again after coordinating with Silva-Ramos, PHERAI-BOGEAJIS, in exchange for $1,600, distributed 488 pills containing 38.08 grams of a substance containing a detectible amount of fentanyl, to a law enforcement source. *Id*. at 21. On May 7 and 8, 2022, law enforcement intercepted communications between Silva-Ramos and PHERAI-BOGEAJIS in which Silva-Ramos was coordinating the sale of at least 500 pills between PHERAI-BOGEAJIS and Silva-Ramos's uncle. *Id*. at 22.

On May 14, 2022, PHERAI-BOGEAJIS texted with Silva-Ramos "save the Glock for me." On May 15, 2022, PHERAI-BOGEAJIS asked Silva-Ramos to have his uncle send payment for previously distributed pills. PHERAI-BOGEAJIS asked Silva-Ramos "You got those ARs for me?...I need one bro and I need you to do your thing to it cause my man said he wants one too he said he wanted two glocks and one of those." Silva-Ramos replied "Imma see if I can have that ready for you tomorrow." Later that same day, the two again discussed PHERAI-BOGEAJIS purchasing two firearms and a fully-automatic trigger from Silva-Ramos. *See id*. at 23.

On May 16, 2022, after intercepting calls between Silva-Ramos and Kailash Maharaj, and conducting surveillance, law enforcement conducted a traffic stop on Maharaj and PHERAI-BOGEAJIS. *Id.* at 24. Maharaj was driving the vehicle registered to a family member. A search of the vehicle revealed four kilogram bricks of cocaine, a new Glock case with a Glock 45 9 mm handgun (Serial # AGBU778) on the passenger side floorboard, a Silver Ruger LCR revolver (Serial #1540-74049) in the driver side door, six magazines, 22 rounds of 9 mm ammunition and 5 rounds of .357 caliber ammunition; $7,720 in currency in PHERAI-BOGEAJIS's fanny pack and another $67 in his pockets; and $6,615 in currency on Maharaj's person. The new Glock on PHERAI-BOGEAJIS's floorboard had been obtained by Silva-Ramos through a known source of firearms at a gun show on or about May 15, 2022. *Id.*

One of the four kilograms of cocaine was tested by the Florida Department of Law Enforcement and found to contain 995.47 grams of a substance containing a detectible amount of cocaine, a Schedule II controlled substance. *Id.* PHERAI-BOGEAJIS possessed a firearm and ammunition in the vehicle on May 16, 2022 in part to protect drugs and drug proceeds. The currency in PHERAI-BOGEAJIS's possession on May 16, 2022, was drug proceeds. *Id.* at 24-25.

In all of these conversations, the defendant, knowingly joined with others in a shared and unlawful plan to possess with intent to distribute and to distribute

6

controlled substances. *Id.* at 25. This plan involved more than 40 grams of fentanyl. In addition, the defendant possessed a firearm in furtherance of drug trafficking on May 16, 2022. *Id.*

If the Court finds that the United States has established the requisite nexus between the property sought for forfeiture and the violations charged in Counts Four and Five of the Indictment, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest in the assets in accordance with 21 U.S.C. § 853, 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2).

### III.  Conclusion

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(c), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), forfeiting to the United States all right, title, and interest in the assets.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the assets and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment.  *See* Fed. R. Crim. P. 32.2(b)(4)(B); *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

                Respectfully submitted,

                ROGER B. HANDBERG
                United States Attorney

By:    s/Jennifer M. Harrington
        JENNIFER M. HARRINGTON
        Assistant United States Attorney
        Florida Bar Number 0117748
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        (407) 648-7500 – telephone
        (407) 648-7643 – facsimile
        E-mail: Jennifer.harrington2@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger L. Weeden, Jr., Esquire

           s/Jennifer M. Harrington
           JENNIFER M. HARRINGTON
           Assistant United States Attorney